UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN D. RICHTER, Administrator of the Estate of XANDER CAGE HARRIS-BRUNTMYER,<br><br>　　Plaintiff,<br><br>v.<br><br>TRACY NELSON, ET AL.,<br><br>　　Defendants. | 4:20-cv-00167-CRK-CDL |

## OPINION AND ORDER

Before the Court is Nathan D. Richter's ("Plaintiff") Opposed Motion to Amend Complaint and proposed second amended complaint.[1] Pl.'s Opposed Mot. to Am. Compl., Jan. 20, 2021, ECF No. 26 ("Pl.'s Mot."); Pl.'s [Proposed] Second Am. Compl., Jan. 20, 2021, ECF No. 26-1 ("Proposed Compl."). Plaintiff seeks to add the State of Oklahoma Department of Human Services ("OKDHS") as a party and assert a negligence claim against OKDHS under the Oklahoma Governmental Tort Claims Act ("OGTCA"). Proposed Compl. ¶¶ 2, 88–98. Denise Armstrong, Lesli Blazer, Jennifer Brown, Natalie Clark, Jennifer Grissom, Robin Hatfield, Shana Holman, Arrika Holt, Melissa Jones, Shelia Lowery, Debra Patterson, Jessica Pitts, and Melinda Rios (collectively, "Defendants"), oppose Pl.'s Mot., arguing that an

---

[1] Nathan D. Richter appears in this case as the Administrator of the Estate of Xander Cage Harris-Bruntmyer, a deceased minor.

1

amendment to add OKDHS as a party and assert a negligence claim against OKDHS is futile because OKDHS is immune under the Eleventh Amendment of the United States Constitution; therefore, the motion should be denied.[2] Defs.' Resp. & Obj. to [Pl.'s Mot.], Feb. 1, 2021, ECF No. 27 ("Defs.' Resp."). For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff brings claims against Defendants for violations of the Due Process and Equal Protection Clauses of the Fourth Amendment to the United States Constitution via 42 U.S.C. § 1983. Pl.'s First Am. Compl. ¶ 1, June 9, 2020, ECF No. 12. Plaintiff alleges that Xander Cage Harris-Bruntmyer's rights were violated by Defendants when they placed him in the home of Tracy Nelson, despite knowledge that Tracy Nelson previously committed violence against foster children. Id. ¶¶ 78–79. Plaintiff alleges that this placement led to the murder of Xander Cage Harris-Bruntmyer by Tracy Nelson. Id. ¶¶ 5, 8, 78. Plaintiff initially commenced this action in state court on December 20, 2019. Notice of Removal ¶ 1, Apr. 27, 2020, ECF No. 2; see also id. at Ex. 2 p. 1, Apr. 27, 2020, ECF No. 2-2. On April 27, 2020, Defendants Blazer, Clark, Hatfield, and Lowery removed the action to federal district court pursuant to 28 U.S.C. §§ 1331 and 1343(3) and 42 U.S.C. § 1983. Notice of Removal ¶ 3. On June 9, 2020, Plaintiff filed an amended complaint. Pl.'s First Am. Compl.

---

[2] Defendants also argue that Plaintiff's tort claim notice is out of time and therefore insufficient to take advantage of the State of Oklahoma's limited waiver of sovereign immunity. Defs.' Resp. & Obj. to [Pl.'s Mot.] 4–5, Feb. 1, 2021, ECF No. 27 ("Defs.' Resp.").

On July 15, 2020, Defendants filed a motion to dismiss the first amended complaint, for failure to state a claim, which is currently pending before the Court. Mot. to Dismiss Pl.'s First. Am. Compl., July 15, 2020, ECF No. 19. On January 20, 2021, Plaintiff filed an opposed motion to amend the first amended complaint. Pl.'s Mot. Defendants filed their response in opposition on February 1, 2021 and Plaintiff did not file a reply. Defs.' Resp. Pursuant to Local Civil Rule of the United States District Court for the Northern District of Oklahoma 7-1(f), "after the filing of the reply or the expiration of fourteen days [after the due date of the response], the motion will be deemed ripe for ruling." LCvR-7-1(f).

## STANDARD OF REVIEW

The decision to grant leave to amend pleadings is within the Court's discretion and the Court will grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although amendments to pleadings are generally permitted, the Court properly denies a motion to amend if it is shown that the amendment is made in bad faith, results in undue delay or prejudice to the opposing party, is futile, or there has been a repeated failure to cure the deficiencies through previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

The Eleventh Amendment bars federal jurisdiction over suits against a State by citizens of another State, a foreign State, and citizens of the State, unless waived. U.S. CONST. Amend. XI; Hans v. Louisiana, 134 U.S. 1, 15 (1890); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). The Court of Appeals for the Tenth Circuit has held that immunity under the Eleventh Amendment also applies to entities deemed "an arm of the state." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1232 (10th Cir. 1999). Nonetheless, a State or an arm of the State may waive its sovereign immunity. Sossamon v. Texas, 563 U.S. 277, 284 (2011); Sutton, 173 F.3d at 1233. The test to determine whether a State has waived its immunity is a stringent one, requiring the State to "unequivocally express" its consent to waive sovereign immunity in the relevant statute. Coll. Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 675 (1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The Court strictly construes the scope of a State's waiver of sovereign immunity in favor of the State. Lane v. Peña, 518 U.S. 187, 192 (1996); Sossamon, 563 U.S. at 284 n.4 (explaining that although Lane concerned sovereign immunity of the federal government, its holding is applicable to sovereign immunity of States as well). The State of Oklahoma has consented to a limited waiver of sovereign immunity with the passage of the OGTCA but has not waived its rights under the Eleventh Amendment. See Okla. Stat. tit. 51, § 152.1.

Here, Plaintiff does not contest Defendants' characterization of OKDHS as an arm of the State of Oklahoma or that OKDHS is immune from suit under the

4

Eleventh Amendment.[3]  Furthermore, Courts have found that OKDHS is an arm of the State of Oklahoma and is therefore entitled to Eleventh Amendment immunity. See, e.g., McKinney v. Okla., Dep't of Hum. Servs., Shawnee Okla., 925 F.2d 363, 365 (10th Cir. 1991); Crabtree v. Oklahoma, 2013 WL 6633019 *4 (N.D. Okla. Dec. 17, 2013) (unpublished); Legates v. Okla. ex rel. Rogers Cnty. Dep't Hum. Servs., 2010 WL 4941437 *4 (N.D. Okla. Nov. 30, 2010) (unpublished).  Thus, OKDHS is protected from suit by the Eleventh Amendment unless it expressly waives its immunity.  See Okla. Stat. tit. 51, § 152.1.  OKDHS has not done so.  See id. § 152.1(B); Richins v. Indus. Const., Inc., 502 F.2d 1051, 1055 (10th Cir. 1974) ("a state's consent to be sued in the state's own courts does not serve to waive its Eleventh Amendment immunity"). If the Court were to allow Plaintiff to amend the First Am. Compl., to add OKDHS as a party and assert a negligence claim against OKDHS under the OGTCA, the negligence claim would be subject to dismissal because OKDHS has not waived its sovereign immunity.[4]  Therefore, the amendment is futile.

## CONCLUSION

Plaintiff's motion to amend is DENIED as futile.

| | | |
|---|---|---|
| Dated: | August 4, 2022<br>New York, New York | /s/ Claire R. Kelly<br>Claire R. Kelly, Judge[*] |

---

[3] Indeed, none of Plaintiff's filings address OKDHS' Eleventh Amendment immunity. See, e.g., Proposed Compl.; Pl.'s Mot.

[4] Because the Court finds that OKDHS has not waived its immunity under the Eleventh Amendment, the Court does not reach Plaintiff's and Defendants' arguments regarding the timeliness of Plaintiff's tort claim notice.  Proposed Compl. ¶ 2; Pl.'s Mot. ¶ 2; Defs.' Resp. at 4–5.

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.