UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

NATHAN D. RICHTER, Administrator of the Estate of XANDER CAGE HARRIS-BRUNTMYER,

    Plaintiff,

v.

TRACY NELSON, ET AL.,

    Defendants.

4:20-cv-00167-CRK-CDL

## OPINION AND ORDER

Before the Court is Nathan D. Richter's ("Plaintiff") Opposed Motion to Amend Complaint and proposed Third Amended Complaint.[1]  Pl.'s Opposed Mot. to Am. Compl., Sept. 8, 2023, ECF No. 66 ("Pl.'s Mot."); Pl.'s [Proposed] Third Am. Compl., Sept. 8, 2023, ECF No. 66-1 ("Proposed Compl.").  Plaintiff seeks to amend his complaint to include certain defendants who were previously dismissed without prejudice, in light of new information obtained through discovery.  Pl. Mot. ¶ 1; Proposed Compl. Specifically, Plaintiff moves the Court to re-join to the complaint employees of the Oklahoma Department of Human Services ("OKDHS"), namely Jessica Pitts, Shelia Lowery, and Arrika Holt (collectively "Proposed Defendants"), that were dismissed without prejudice by this Court on September 30, 2022. Proposed Compl. ¶¶ 10–13; see Opinion & Order, Sept. 30, 2022, ECF No. 41.

---

[1] Nathan D. Richter appears in this case as the Administrator of the Estate of Xander Cage Harris-Bruntmyer, a deceased minor.

Defendant Robin Hatfield ("Defendant") opposes Plaintiff's motion, arguing that joining Proposed Defendants prejudices Defendant Hatfield and Proposed Defendants also should be barred due to futility and untimeliness. Def.'s Resp. & Obj. to [Pl.'s Mot.] at 2–7, Sept. 29, 2023, ECF No. 67 ("Def.'s Resp."). For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

This case involves Plaintiff's allegations against Defendant and Proposed Defendants for violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution by way of 42 U.S.C. § 1983. Pl.'s First Am. Compl. ¶ 1, June 9, 2020, ECF No. 12. Plaintiff contends that Defendant and Proposed Defendants violated Xander Cage Harris-Bruntmyer's rights when they placed him in the care and custody of foster parent Tracy Nelson, despite their knowledge of numerous reports against Nelson for domestic violence against foster children in her home. Id. at ¶¶ 77–80. Plaintiff alleges that Defendant and Proposed Defendants' placement of Xander resulted in his murder by Tracy Nelson. Id. at ¶¶ 5, 8, 78.

Plaintiff filed suit in state court on December 20, 2019, and Defendants[2] removed the action to federal district court pursuant to 28 U.S.C. §§ 1331 and 1343(3)

---

[2] In Plaintiff's original and first amended complaint, Proposed Defendants were included as defendants along with Defendant Hatfield and nine other parties. Pl.'s Compl., Dec. 20, 2019; Pl.'s First Am. Compl., June 9, 2023, ECF No. 12. Proposed Defendants, along with the nine other parties, were dismissed without prejudice by the Court on September 30, 2022. Opinion & Order at 31–32, Sept. 30, 2022, ECF No. 41.

and 42 U.S.C. §1983.  Notice of Removal ¶ 1, Apr. 27, 2020, ECF No. 2; <u>see also</u> at Ex. 2, p. 1, Apr. 27, 2020, ECF No. 2-2.  On June 9, 2020, Plaintiff amended his complaint, which Defendants then moved to dismiss for failure to state a claim on July 15, 2020.  Pl.'s First Am. Compl. ¶ 1, June 9, 2020, ECF No. 12; Def.'s Mot. to Dismiss, July 15, 2020, ECF No. 19.  On January 20, 2021, Plaintiff filed an opposed motion to amend the First Amended Complaint seeking to add OKDHS.  Opposed Mot. to Amend First Am. Compl., Jan. 20, 2021, ECF No. 26.  The Court denied the Plaintiff's 2021 motion to amend for futility due to Eleventh Amendment immunity on August 4, 2022.  Opinion & Order, Aug. 4, 2022, ECF No. 36.

On September 30, 2022, the Court ruled on Defendants' motion to dismiss.  Opinion & Order at 31–32, Sept. 30, 2022, ECF No. 41.  The Court granted the motion in part and denied in part, dismissing Plaintiff's claims against Proposed Defendants without prejudice.  <u>Id.</u>  On September 8, 2023, Plaintiff filed a second opposed motion to amend the complaint, seeking to amend the complaint for a third time.  Pl.'s Mot. at 2–4.

In his Third Amended Complaint, Plaintiff seeks to add Proposed Defendants Jessica Pitts, Shelia Lowery, and Arrika Holt to his claims against defendant Robin Hatfield in their capacity as OKDHS employees relating to Xander's death.  Proposed Compl. ¶¶ 12–14.  Having previously been dismissed by this Court without prejudice, Plaintiff alleges that discovery has yielded the information necessary to bring viable claims under 42 U.S.C. § 1983 and tort actions of intentional infliction of emotional distress against each added defendant.  Pl.'s Mot. at 2; Proposed Compl. ¶ 75–96.  The

4:20-cv-00167-CRK-CDL

amendment contains an array of specific allegations concerning Pitt's conduct that allegedly contributed to Xander's death. Proposed Compl. ¶¶ 12, 31–49, 71. It also alleges a connection between the death of Xander and the improper supervision of Pitts and Hatfield by Proposed Defendants Lowery and Holt respectively. Id. ¶¶ 11, 13, 37–38, 49, 51, 76, 96. Defendant Hatfield filed a response in opposition to the motion on September 29, 2023, and Plaintiff replied on October 23, 2023. See generally Def.'s Resp.; Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Amend Compl., Oct. 23, 2023, ECF No. 74. Pursuant to Local Civil Rule of the United States District Court for the Northern District of Oklahoma 7-1(f), "after filing of the reply or the expiration of fourteen days [after the due date of the response], the motion will be deemed ripe for ruling." LCvR-7-1(f).

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1343, because it arises under the laws of the United States. Plaintiff alleges violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution by way of 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's tort claims pursuant to 28 U.S.C. § 1367.

It is within the Court's discretion to grant leave to amend pleadings. The Court will grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will deny a motion to amend, if it is shown that the amendment is made in bad faith, results in an undue delay, results in prejudice to the opposing party, is futile, or there

4

4:20-cv-00167-CRK-CDL

has been a repeated failure to cure the deficiencies through previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962). The court will deem an amendment futile if "the complaint, as amended, would be subject to dismissal." Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

Defendant objects to Plaintiff's motion, alleging that leave to amend should be denied because it is futile for failing to cure previous deficiencies, it is untimely, and it will cause prejudice by unduly delaying litigation. See generally Def.'s Resp. at 1–2. Plaintiff avers the newly obtained information from discovery establishes grounds to add previously dismissed defendants Pitts, Lowery, and Holt. Pl.'s Mot. at 2. Plaintiff claims the amendment is made in good faith, and that neither Defendant nor Proposed Defendants will be prejudiced or suffer undue delay. Id. at 2. The Court grants Plaintiff's motion to amend the complaint.

To determine whether a proposed amended complaint is futile, the Tenth Circuit has held "[t]he test is whether the proposed amendments, as supported by the affidavits or other evidence, cure the deficiencies in the original complaint." Bauchman for Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997); See also Mountain View Pharmacy v. Abbott Lab, 630 F.2d 1383, 1386, 1389 (10th Cir. 1980). Courts assess proposed amendments in light of and as a whole with the remainder of the complaint, Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017). An amendment is futile "if the complaint, as amended, would be

5

subject to dismissal." Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

It is the defendant's burden to establish the futility of a plaintiff's proposed amended complaint. See Corp. Stock Transfer, Inc. v. AE Biofuels, Inc., 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009); Synthes, Inc. v. Marotta, 281 F.R.D. 217, 228 (E.D. Pa. 2012); United States ex rel. Raffington v. Bon Secours Health Sys., Inc., 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018). Thus, a court may grant leave to amend where the court concludes that the complaint as amended could withstand a Rule 12(b)(6) motion. See 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (illustrating practice amongst several circuit and district courts to deny motions to amend complaints as futile when the amendment could not survive a motion to dismiss); Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urb. Dev., City of Louisville, 632 F.2d 21, 23 (6th Cir. 1980) (noting that it is "well settled" that a court can deny a motion to amend if the complaint as amended would be subject to 12(b)(6) dismissal); DeLoach v. Woodley, 405 F.2d 496, 196–97 (5th Cir. 1968) (accord); Gaffney v. Silk, 488 F.2d 1248, 1251 (1st Cir. 1973) (stating that a court should grant a motion to amend where that amendment would state a valid cause of action).

Here, Plaintiff's amended complaint pleads sufficient specific facts such that allowing amendment would not be futile. Proposed Compl. ¶¶ 9–14, 18–23, 31–96 (pleading that: (1) Jessica Pitts failed in her duty as an OKDHS employee to adequately investigate previous complaints against Defendant Nelson contrary to

4:20-cv-00167-CRK-CDL

OKDHS's policies; (2) Arrika Holt failed to supervise and correct Pitt's conduct contrary to OKDHS's policies; and (3) Shelia Lowery failed to supervise and correct Defendant Hatfield's conduct contrary to OKDHS's policies; all of which allegedly resulted in Xander's death). Plaintiff supports his allegations against Proposed Defendants by citing documents obtained through discovery that were previously unavailable at early stages of litigation, including an OKDHS audit conducted in February 2017 and a deposition by Defendant Pitts. Id. ¶¶ 10–13, 31–75. Plaintiff's complaint as amended is not clearly futile because it includes additional facts that cure the deficiencies in the prior pleadings. Id. ¶ 51; see also Foman, 371 U.S. at 182. Therefore, denial of leave to amend is improper. Glover v. Carr, 949 F.3d 364, 369–70 (7th Cir. 2020); Consumers Petroleum Co. v. Texaco, Inc., 804 F.2d 907, 914 (6th Cir. 1986).

Defendant alleges that the amended complaint "does not cure the infirmities that caused this Court to dismiss them in the first place." Def.'s Resp. at 6. Defendant does not advance any additional facts or law for their futility claims, but rather recites the Court's previous dismissal verbatim—which was without prejudice—of the claims against the Proposed Defendants. Id. at 4–5; see also Opinion & Order, Sept. 30, 2022, ECF No. 41. Plaintiff has alleged sufficient facts such that an amendment is not futile.

Defendant next argues that Plaintiff's motion is not timely under Federal Rules of Civil Procedure 15. Def.'s Resp. at 6; Fed. R. Civ. P. 15. However, the question is not whether the amendment is timely under the Scheduling Order, Aug.

7

4:20-cv-00167-CRK-CDL

21, 2023, ECF No. 65, because Plaintiff's motion requests leave to amend.[3] The Federal Rules of Civil Procedure and caselaw make clear that a trial court has discretion to "freely give" leave to amend a party's pleading if "justice so requires." Fed. R. Civ. P. 15(a)(2); Foman, 371 U.S. at 182; Woolsey v. Marion Lab'ys, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). Here, Plaintiff has demonstrated a sufficient reason to amend the complaint in light of the new information obtained through discovery, see generally Proposed Compl., and therefore should be afforded opportunity to amend his pleading.

Lastly, Defendant argues that granting a motion to leave will be prejudicial and create an undue delay. See generally Def.'s Resp. It is appropriate for the district court to deny a motion for leave to amend "when the party filing the motion has no adequate explanation for the delay." Frank v. U.S. West, 3 F.3d 1357, 1365–66 (10th Cir. 1993). Thus, the Court should consider the "reasons for the delay." Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006).

---

[3] Defendant argues that Plaintiff's motion is "an untimely end run around Fed. R. Civ. P. 59," and should be rejected. Def.'s Resp. at 6. It is unclear whether Defendant contends that Plaintiff is seeking a new trial under Rule 59(d) or to alter a judgment under Rule 59(e). See Fed. R. Civ. P. 59(d), (e). However, such a distinction does not matter as neither type of motion is before the Court. As discussed, Plaintiff's motion is in accordance with Rule 15, and Defendant's argument is unpersuasive. See Fed. R. Civ. P. 15. Defendant's argument that Plaintiff was required to file a motion for reconsideration of the Court's previous dismissal is also in error. See Def.'s Resp. at 6. A motion to reconsider may be filed if a party believes "the court has misapprehended the facts, a party's position, or the controlling law." Wagner Equip. co. v. Wood, 289 F.R.D. 347, 349 (D.N.M. 2013). Plaintiff did not file a motion to reconsider nor was Plaintiff required to file a motion to reconsider prior to filing a motion for leave to amend.

4:20-cv-00167-CRK-CDL

Here, Plaintiff has presented an adequate explanation for requesting leave to amend, thus a delay would not be undue. Plaintiff seeks to re-join Proposed Defendants Pitts, Lowery, and Holt because new information obtained through discovery has added context to their roles in this case. Pl.'s Mot. at 3. Plaintiff alleges that depositions taken over the summer helped "flesh out" documents received from DHS in the spring. Id. Specifically, Plaintiff alleges that the documents and depositions show that investigations conducted by Jessica Pitts were "inadequate and incomplete" and lacked adequate scrutiny of Nelson despite "multiple referrals against her." Proposed Compl. ¶ 12. Plaintiff further alleges that the new information reveals that Holt did not adequately supervise Pitts' investigations, failing to "require her to seek out readily available evidence" before making her determinations. Id. Finally, Plaintiff alleges that the new information reveals that Lowery and Holt "knowingly placed Xander" in a "dangerous foster home." Id. ¶¶ 86–87. Plaintiff did not have this information at the time of the first amended complaint, thus, the Court dismissed Pitts, Lowery, and Holt as defendants due to a lack of specificity. See Opinion & Order, Sept. 30, 2022, ECF No. 41. Allowing the Plaintiff to re-join Pitts, Lowery, and Holt based on new information uncovered during discovery does not result in an undue delay. Defendant does not explain how she is prejudiced by allowing amendment.

Defendant Hatfield avers she is entitled to respond to the Third Amended Complaint should the Court grant Plaintiff's motion. Def.'s Resp. at 7. Rule 15(a)(3) allows for a response to an amended pleading. Fed. R. Civ. P. 15. In accordance with

9

4:20-cv-00167-CRK-CDL

Rule 15, Defendant Hatfield is permitted to file her response within the time period allotted to the Proposed Defendants.

## CONCLUSION

Upon consideration of Plaintiff Nathan Richter's opposed motion to amend his complaint, see ECF No. 66, pursuant Fed. R. Civ. P. 15, and upon due deliberation, it is

**ORDERED** that the motion is granted; and it is further

**ORDERED** that Plaintiff shall file the Third Amended Complaint on or before Friday, November 3, 2023; and it is further

**ORDERED** that Plaintiff's Third Amended Complaint shall properly caption as defendants Tracy Nelson, Anissa Bedard, Robin Hatfield, Jessica Pitts, Shelia Lowery, and Arrika Holt; and it is further

**ORDERED** that Defendants, including Defendant Hatfield, shall file their response to Plaintiff's Third Amended Complaint on or before Tuesday, December 5, 2023.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated: October 30, 2023
New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.