## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

---

**NATHAN D. RICHTER, Administrator of the Estate of XANDER CAGE HARRIS-BRUNTMYER,**

     **Plaintiff,**

**v.**

**TRACY NELSON, ET AL.,**

     **Defendants.**

---

**4:20-cv-00167-CRK-CDL**

## <u>OPINION AND ORDER</u>

Before the Court is a Motion to Reconsider made pursuant to Federal Rules of Civil Procedure 59 and 60, filed by Plaintiff Nathan D. Richter ("Plaintiff"), as administrator of the Estate of Xander Cage Harris-Bruntmyer ("Xander"). <u>See generally</u> Pl.'s Mot. Reconsider, New Trial, & Alter/Am. J. Or Relief from J. Of The Court's J. Entered Mar. 28, 2024, Apr. 24, 2024, ECF No. 110 ("Pl. Mot."). Plaintiff seeks reconsideration of this Court's March 28, 2024, order. <u>See</u> Opinion & Order, Mar. 28, 2024 , ECF No. 103 ("Second Dismissal Order"); <u>Richter v. Nelson</u>, No. 4:20-cv-00167-CRK-CDL, 2024 WL 1337358, at *6 (N.D. Okla. Mar. 28, 2024). For the reasons that follow, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set forth in this Court's prior opinion granting in part and remanding in part Defendants' Motion to Dismiss, <u>see</u> Second Dismissal Order at 2–8, and thus recounts only those pertinent

4:20-cv-00167-CRK-CDL

to the motion currently at issue.  This matter concerns the June 17, 2017, death of Xander, at the hands of his foster mother Tracy Nelson ("Nelson") while he was in the custody of Anissa Bedard ("Bedard") and Nelson (the "Nelson home").  Third Am. Compl. at ¶¶ 4–8, Nov. 1, 2023, ECF No. 78 ("TAC").

Initially, Plaintiff filed a wrongful death action on behalf of Xander's Estate against Nelson and the State of Oklahoma on behalf of the Oklahoma Department of Human Services ("OKDHS") on April 18, 2019, in the District Court of Washington County in the State of Oklahoma ("Oklahoma State Court").  Petition, Richter v. Nelson, Case No. CJ-2019-96 (Dist. Ct. Wash. Cnty. Okla. Apr. 18, 2019), ECF No. 96-6 ("First Action").  On July 15, 2019, Plaintiff voluntarily dismissed the case against the State of Oklahoma on behalf of OKDHS without prejudice, leaving only Defendants Nelson and Bedard.  Not. Dismissal Without Prejudice, Richter v. Nelson, Case No. CJ-2019-96 (Dist. Ct. Wash. Cnty. Okla. July 15, 2019).  The two remaining defendants in the First Action were voluntarily dismissed by Plaintiff on December 20, 2019.  On that same day, Plaintiff filed a new case for the wrongful death of Xander in Oklahoma State Court against different defendants, namely Nelson, Bedard, Defendants Robin Hatfield ("Hatfield"), Sheila Lowery ("Lowery"), Jessica Pitts ("Pitts") and other individuals; ultimately a total of 48 defendants were named. Petition, Richter v. Nelson, Case No. 2019-281 (Dec. 20, 2019), ECF No. 96-7; see also ECF No. 2-2, ("Second Action").  OKDHS was not named in the Second Action.

On April 27, 2020, Plaintiff's Second Action was removed to this Court.  Notice of Removal at 2, Apr. 27, 2020, ECF No. 2 ("Removal Notice").  On May 4, 2020,

4:20-cv-00167-CRK-CDL

Defendants Lesli Blazer, Natalie Clark, Hatfield, and Lowery filed a motion to dismiss. Mot. Dismiss, May 4, 2020, ECF No. 6.  On June 9, 2020, Plaintiff amended his complaint, adding Holt, Raney Baldwin, and John Does 1–10 as new defendants to the case and thus rendering the May 4, 2020, motion to dismiss as moot. Pl.'s First Am. Compl. at 1–18, June 9, 2020, ECF No. 12 ("FAC"); Minute Order, Sept. 23, 2020, ECF No. 23.  On July 15, 2020, Hatfield, Pitts, Lowery and other named defendants filed a motion to dismiss the FAC.  Mot. Dismiss FAC at 11, July 15, 2020, ECF No. 19 ("Mot. Dismiss FAC").

On January 20, 2021, Plaintiff moved to amend the FAC, seeking to add OKDHS as a party to the action.  Exhibit 1: Sec. Am. Compl., Jan 20, 2021, ECF No. 26-1 ("SAC"); Opposed Mot. to Amend. First Am. Compl., Jan. 20, 2021, ECF No. 26 ("Mot. SAC").  Hatfield, Pitts, Lowery, and other named defendants opposed the amendment, arguing that OKDHS could not be added as a party because it was immune from suit under the Eleventh Amendment to the United States Constitution. Resp. in Opp'n to Mot. to [Mot. SAC], Feb. 1, 2021, ECF No. 27 ("Opp'n Mot. SAC"). On August 4, 2022, the Court denied Plaintiff's motion to amend and rejected the SAC for futility.  Opinion & Order [re Mot. SAC], Aug. 4, 2022, ECF No. 36; Richter v. Nelson, No. 4:20-cv-00167-CRK-CDL, 2022 WL 3104974 (N.D. Okla. Aug. 4, 2022).

On September 30, 2022, the Court granted the motion to dismiss the FAC with respect to all defendants except Nelson, Bedard, and Hatfield, because the complaint failed to allege sufficient facts demonstrating Plaintiff was entitled to relief.  Opinion & Order at 31–32, Sept. 15, 2022, ECF No. 41 ("First Dismissal Order").  In the First

3

4:20-cv-00167-CRK-CDL

Dismissal Order, despite dismissing all defendants except Hatfield, Nelson and Bedard, the Court ruled that Plaintiff's claims were timely because the Second Action related back to Plaintiff's First Action. Id. at 27–31.  On September 8, 2023, Plaintiff again moved to amend his complaint to add previously dismissed defendants Pitts, Lowery, and Holt, which was granted by the Court.  See Pl. Opp'd Mot. Am. Compl. at 1, Sept. 8, 2023, ECF No. 66; Opinion & Order [re on Pl. Opp'd Mot. Am. Compl.] at 10, Oct. 30, 2023, ECF No. 77; Richter v. Nelson, 4:20-cv-00167-CRK-CDL, 2023 WL 7128459, at *5 (N.D. Okla. Oct. 30, 2023).

On November 1, 2023, Plaintiff filed his TAC.  See generally TAC.  On December 5, 2023, Hatfield, Holt, Pitts, Lowery filed their motions to dismiss the TAC, see generally Def. Hatfield's Mot. Dismiss [TAC], Dec. 5, 2023, ECF No. 82; Def. Holt's Mot. Dismiss [TAC], Dec. 5, 2023, ECF No. 83; Def. Pitts' Mot. Dismiss [TAC], Dec. 5, 2023, ECF No. 84; Def. Lowery's Mot. Dismiss [TAC], Dec. 5, 2023, ECF No. 85, which were fully briefed on February 12, 2024.  See Pl.'s Am. Combined Resp. & Obj. to [Mot. Dismiss TAC] at 1, Jan. 29, 2024, ECF No. 96; [Hatfield's] Reply [Pl.'s Am. Combined Resp. & Obj.] at 1, Feb 12, 2024, ECF No. 97; [Pitts'] Reply [Pl.'s Am. Combined Resp. & Obj.] at 1, Feb 12, 2024, ECF No. 98; [Holt's] Reply [Pl.'s Am. Combined Resp. & Obj.] at 1, Feb 12, 2024, ECF No. 99; [Lowery's] Reply [Pl.'s Am. Combined Resp. & Obj.] at 1, Feb 12, 2024, ECF No. 100.

On March 28, 2024, the Court granted Defendants' motion with respect to Count I and remanded the remaining claims to the District Court of Washington County in the State of Oklahoma.  See generally Second Dismissal Order.  In its

4

4:20-cv-00167-CRK-CDL

Second Dismissal Order, the Court reconsidered its interlocutory First Dismissal Order which ruled that Plaintiff's Second Action related back to the First Action. Id. at 11–18.  On April 24, 2024, Plaintiff filed the instant motion, which was fully briefed on May 15, 2024.  See generally Pl. Mot.; [Defs.'] Resp. & Obj. [Pl. Mot.], May 15, 2024, ECF No. 113 ("Defs. Resp.").  In his motion, Plaintiff now seeks redress pursuant to Federal Rules of Civil Procedure 59 and 60.  Pl. Mot. at 1.

## DISCUSSION

Plaintiff argues that the Court's Second Dismissal Order is in error and seeks an order altering or amending that decision pursuant to Federal Rule of Civil Procedure 59(e).[1]  Plaintiff raises numerous arguments as to why the Second Dismissal Order must be altered, many of which implicate the statute of limitations and relation back under Rule 15.  See Pl. Mot. at 9–30.  Defendants oppose Plaintiff's motion.  See Defs. Resp. at 1–14.  For the following reasons, Plaintiff's motion is denied.

## I.   Relief Provided by Federal Rule of Civil Procedure 59(e)

Within 28 days of entry of judgment a party may move to ask the court to alter or amend a judgment.  Rule 59 of the Federal Rules of Civil Procedure provides in relevant part:

---

[1]  Plaintiff also invokes Rule 60(b) as a basis for his motion.  See  Pl. Mot. at 11; however, although Rule 59 and Rule 60 overlap, they are distinct.  A motion requesting that the Court reconsider the judgment brought within 28 days are made pursuant to Rule 59.  Fed. R. Civ. P. 59(e).  A motion made after 28 days seeks relief from judgment and is subject to the more limited criteria in Rule 60.  See Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).

4:20-cv-00167-CRK-CDL

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The Tenth Circuit has explained that grounds for a motion to alter or amend a judgment from the Court under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is an inappropriate means to reargue issues previously addressed by the Court when the motion simply advances new arguments or supports facts that were available at the time of the initial motion. Lopez v. Delta Int'l Mach. Corp., 312 F. Supp. 3d 1115, 1139–40 (D.N.M. 2018) (citing Servants of the Paraclete, 204 F.3d at 1012), aff'd sub nom. Lopez v. Stanley Black & Decker, Inc., 764 F. App'x 703 (10th Cir. 2019). The Court has broad discretion in deciding whether to grant a motion to reconsider. See Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988); Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997); Shannon v. Pac. Rail Servs., 70 F.Supp.2d 1243, 1251 (D. Kan. 1999). Such discretion notwithstanding, granting relief to a party where no basis for relief exists constitutes an abuse of discretion. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996). The path to relief under Rule 59(e) is an inherently narrow one, as "[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." Miller v. State of Kansas Highway Patrol, 383 F. App'x 813, 815 (10th Cir. 2010) (quoting Phelps, 122 F.3d at 1324).

4:20-cv-00167-CRK-CDL

## II.     Plaintiff's Claimed Errors

Plaintiff seeks reconsideration of the Court's judgment because: (1) statutes of limitations defenses involve questions of fact; (2) Plaintiff's claims relate back to an earlier action; (3) Plaintiff's claims survive under the Oklahoma savings statute, Okla. Stat. tit. 12 § 100, and the doctrines of the discovery rule, equitable tolling, and the law of the case; (4) Defendants failed to appropriately consolidate their motions to dismiss; (5) Federal Rule of Civil Procedure 11 prevented Plaintiff from naming the appropriate defendants at an earlier stage of the litigation; (9) a hypertechnical reading of the pleading code is unjust; and (10) questions of fact are not suitable for motions to dismiss. See Pl. Mot. at 9–30.

### A.     Statute of Limitations and Questions of Fact

Plaintiff first argues that the application of statute of limitations is a question of fact and therefore the Court erred by ruling on a statute of limitations defense while deciding a motion to dismiss.  Pl. Mot. at 12.  Plaintiff's contention restates an argument previously addressed by the Court, and, in any event, fails to persuade.

Plaintiff is correct that the statute of limitations is an affirmative defense that is ordinarily raised and addressed in pleadings rather than on motion.  Wyo-Ben Inc. v. Haaland, 63 F.4th 857, 866 (10th Cir. 2023) (citing Herrera v. City of Espanola, 32 F.4th 980, 991 (10th Cir. 2022)).  Nonetheless, "[a] statute of limitations defense 'may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"  Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016) (quoting Lee v. Rocky

7

Mountain UFCW Unions & Emp'rs Tr. Pension Plan, 13 F.3d 405, at *1 (10th Cir. 1993) (Table)) (internal alterations omitted); see also Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); Am. Mech. Sols., L.L.C. v. Northland Process Piping, Inc., 184 F. Supp. 3d 1030, 1049 (D.N.M. 2016).

Here, as previously explained "the federal claims accrued on June 17, 2017, the day that Xander died." Second Dismissal Order at 13; 2024 WL 1337358, at *6. Plaintiff had a "complete and present cause of action" that he could initiate in the courts. See Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer, 764 F.3d 1268, 1275 (10th Cir. 2014) (citing Gabelli v. S.E.C., 568 U.S. 442, 450 (2013)); see also Huff v. Fibreboard Corp., 836 F.2d 473, 475 (10th Cir. 1987) (construing Okla. Stat. tit. 12 § 1053(A) to find that a wrongful death action accrues on the date of the death of the injured party).[2]  Plaintiff filed this action in Oklahoma State Court on December 20, 2019, which was removed to this Court on April 27, 2020.  See Removal Notice at 2; First Dismissal Order at 6.  Thus, the face of the complaint reveals that Plaintiff's action when filed was beyond the statute of limitations and thus dismissal was appropriate.  See Sierra Club, 816 F.3d at 671.

---

[2] The Court further explained "[a]lthough more information came to light concerning the circumstances of Xander's death after June 17, 2017, there need not be 'conclusive evidence of the cause of an injury in order to trigger the statute of limitations.'"  See Second Dismissal Order at 13 (quoting Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004)).  Rather, Plaintiff was put on reasonable notice that wrongful conduct caused Xander's death based on the allegations on the face of the complaint. See id.

4:20-cv-00167-CRK-CDL

## B.    Relation Back

Plaintiff contends that the TAC is timely because it relates back to the First Action.  Pl. Mot. at 15–18.  Plaintiff argues that the Court erred in determining that Plaintiff's action here did not relate back to the filing of a different lawsuit against different defendants which was voluntarily dismissed by Plaintiff.[3]  Id.  Although the Court had previously ruled that the TAC related back to the First Action, it sua sponte reconsidered its earlier ruling and reversed itself.  Second Dismissal Order at 14–18.  Plaintiff argues here that the Court's First Dismissal Order concluding that the Second Action relates back to the First Action was consistent with Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010) and therefore was correct.  Pl. Mot. at 15–18.  The Plaintiff's argument fails to persuade.

Relation back under Rule 15(c), by its terms, applies to amendments—not newly filed actions.  See Fed. R. Civ. P. 15(c) ("Relation Back of Amendments.  (1) When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when . . .").  "A proposed amendment cannot 'relate back' to a dismissed complaint."  Wandschneider v. Tuesday Morning, Inc., No. 08-CV-522-TCK-FHM, 2011 WL 3319562, at *5 (N.D. Okla. Aug. 1, 2011).   A complaint voluntarily dismissed without prejudice "leaves the parties as though the action had

---

[3] The First Action named the state of Oklahoma on behalf of OKDHS and Nelson. See generally First Action.  The Second Action named Nelson, Bedard and multiple employees from OKDHS.  See generally Second Action.  Although Nelson was named in both the First Action and the Second Action, the only claims against Nelson are state law claims and those have been remanded to Oklahoma State Court.  See Second Dismissal Order at 26.

4:20-cv-00167-CRK-CDL

never been brought." <u>Barone v. United Airlines, Inc.</u>, 355 F. App'x 169, 179 n.6 (10th Cir. 2009) (citing <u>Brown v. Hartshorne Pub. Sch. Dist.</u>, 926 F.2d 959, 961 (10th Cir. 1991), <u>abrogated on other grounds by</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002)); <u>Burnside v. Allergan PLC</u>, No. 19-CV-01054-KMT, 2020 WL 1452272, at *1 (D. Colo. Mar. 25, 2020); <u>see also</u> <u>Netwig v. Georgia Pac. Corp.</u>, 375 F.3d 1009, 1011 (10th Cir. 2004).   Although case law on whether a new action can relate back to a voluntarily dismissed action is scant, Tenth Circuit precedent suggests that it cannot.  <u>See</u> <u>Calderon v. Kan. Dep't of Soc. & Rehabilitation Servs.</u>, 181 F.3d 1180, 1185 (10th Cir. 1999) (rejecting amendment of a dismissed complaint).

Plaintiff correctly notes that this Court had already ruled that Plaintiff's Second Action relates back to the First Action.  Pl. Mot. at 17 (citing First Dismissal Order at 29–30).  In the First Dismissal Order, the Court specifically stated:

> Here, Plaintiff's complaint is timely because, although it was filed beyond the applicable two-year limitations period, the complaint relates back to Plaintiff's earlier filed wrongful death complaint.  Xander died on June 17, 2017.  On April 18, 2019, Plaintiff commenced an action against OKDHS as the defendant but alleged that "DHS employees" carried out conduct resulting in Xander's death. The []Defendants knew or should have known they would be added to the lawsuit but for a mistake in identity, and the complaint serves as constructive notice.

First Dismissal Order at 28 (internal citations omitted).   Nonetheless, the Court subsequently recognized its mistake.  <u>See</u> Second Dismissal Order at 14.  Specifically, Plaintiff did not contend that the SAC (and subsequently the TAC) related back to an earlier version of his complaint; rather, he sought to have his Second Action relate back to the voluntarily-dismissed First Action, filed in state court against different defendants. The Court, in its Second Dismissal Order, stated with respect to the First

4:20-cv-00167-CRK-CDL

Dismissal Order: "[t]his ruling was incorrect, and the Court corrects it here." Id. Although Plaintiff would have preferred that the Court did not reconsider its interlocutory order, the Court has the authority to modify and correct its previous decisions in error, and it may exercise this authority sua sponte. See Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007) ("district courts generally remain free to reconsider their earlier interlocutory orders"); Beltran v. InterExchange, Inc., No. 14-CV-03074-CMA-CBS, 2018 WL 1704633, at *2 (D. Colo. Apr. 9, 2018) ("a district court may reconsider its own interlocutory order, sua sponte or on motion, at any time prior to the entry of final judgment pursuant to [Rule] 54(b)"); see also Oracle Oil, LLC v. EPI Consultants, 391 F. Supp. 3d 634, 636 n.3 (E.D. La. 2019) (same).

Plaintiff invokes Cardenas v. Ever Fresh Farms Transportation, Inc., and its citation to Krupski, to argue that here he should not be barred by the statute of limitations, similar to the plaintiff in Cardenas. See Pl. Mot. at 15–16 (first citing No. 23-CV-49-GKF-CDL, 2023 WL 7224170, at *1 (N.D. Okla. Nov. 2, 2023); and then citing 560 U.S. at 541). However, in Cardenas, the court confronted a motion to amend a complaint to change the name of the defendant. See Cardenas, 2023 WL 7224170, at *1. The Court explained that under certain circumstances, Rule 15(c)(1)

11

4:20-cv-00167-CRK-CDL

allows for the amendment of a complaint to change the name of a party. Id. If the requirements of the rule are met, the amended complaint may relate back to the unamended complaint. Id. at 2. But here, Plaintiff does not seek to amend a complaint, instead seeking to have the entirely distinct Second Action relate back to the voluntarily dismissed First Action. Because the timely complaint was voluntarily dismissed by Plaintiff in Oklahoma State Court, it cannot serve as a basis for relation back under the case law Plaintiff cites. Therefore, Plaintiff's argument is rejected.

### C.   Oklahoma Savings Statute

Plaintiff asks the Court to reconsider its Second Dismissal Order because the Oklahoma savings statute should be liberally applied and would render this action timely. Pl. Mot. at 19. The Oklahoma savings statute does not render this action timely.

The Oklahoma savings statute provides in relevant part:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12 § 100. As explained in the Second Dismissal Order, the savings statute is inapplicable. Second Dismissal Order at 17–18; see also Morris v. City of Sapulpa, No. 10-CV-0376-CVE-TLW, 2010 WL 3733527, at *4–5 (N.D. Okla. Sept. 17, 2010); Brown, 926 F.2d at 962. In Brown, the Tenth Circuit ruled that the savings statute would not operate against parties not named in the prior suit. Id. at 962. Further, where a prior action names an entire organization, as Plaintiff did in the

4:20-cv-00167-CRK-CDL

first suit, the Court will not subject a second action naming individuals to the savings statute.  See Morris, 2010 WL 333527, at *5.  In Morris, the court specifically explained that naming the whole of the entity as a defendant does not justify adding individual members of that entity at a later point in time.  Morris, 2010 WL 333527, at *5 (citing Brown, 926 F.2d at 962).  Therefore, as this Court previously determined, the Oklahoma savings statute cannot help Plaintiff here:

> The complaint in the Second Action named individuals whose names were not included in the pleadings of the First Action.  Indeed, Plaintiff named the entire OKDHS as a single entity in the First Action, and then named individual OKDHS workers suspected of involvement in Xander's death in the Second Action.  Consistent with [] Morris and Brown, the inclusion of a broad entity as a defendant in an early proceeding will not provide a later justification for adding individual members of that body. . . .  Because the Second Action does not relate back to the First Action, the Second Action is untimely unless the statute of limitations was tolled.

Second Dismissal Order at 17 (internal quotations and citations omitted).

Plaintiff's attempts to characterize Nusbaum v. Knobbe to bolster his claim fails to persuade.  See Pl. Mot. at 19–20 (citing 2001 OK CIV APP 52, ¶ 11, 23 P.3d 302, 305).  As Plaintiff acknowledges, Nusbaum references Clark v. Phillips Petroleum Co., where the state court allowed the savings statue to extend the statute of limitations because the defendants were a corporation and a successor corporation. See 2001 OK CIV APP 52, at ¶ 13 (citing 1984 OK CIV APP 6 at ¶ 10, 677 P.2d 1092, 1094).  The court in Nusbaum explained that the identity of interest between the first corporation and the successor corporation in Clark permitted extension of the saving statute because the plaintiff's suit alleged "substantially the same cause of action and feature[d] substantially the same parties as the first suit."  Id.  Nussbaum contrasted

the scenario in <u>Clark</u> to the facts of <u>Brown</u>, where the two actions did not involve identity of interest because:

> [t]he plaintiff voluntarily dismissed her action and filed another action within one year against the school district and individual school board members. The court of appeals held that the refiled action, as it related to the school district, "clearly falls within the ambit of section 100 and is therefore not barred by the statute of limitations." However, with regard to the school board members, the court held: "Because the board members were not named in the prior action, the saving statute does not apply to the suit against them and it is therefore untimely."

<u>Id.</u> at ¶ 8.   Here, however, the TAC does not involve OKDHS, the defendant in Plaintiff's First Action.   Rather, and similar to <u>Brown</u>, this suit involves parties not named in the First Action, having no identity of interest with OKDHS in the First Action, therefore rendering the savings statute inapplicable.

### D.     The Discovery Rule

Plaintiff asserts that his claim is preserved by the discovery rule recognized by Oklahoma state courts because information concerning the nature and perpetrators of Xander's abuse was unknowable until the preliminary hearings stage. Pl. Mot. at 21–22.   As it did previously, the Court rejects Plaintiff's position.

As a threshold matter, "federal law controls issues related to when federal causes of action accrue." <u>Alexander</u>, 382 F.3d at 1215 (citing <u>Baker v. Board of Regents of the State of Kansas</u>, 991 F.2d 628, 632 (10th Cir. 1993)).   In general, under the federal discovery rule, claims accrue and "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."   <u>Indus. Constructors Corp. v. U.S. Bureau of Reclamation</u>, 15 F.3d 963, 969 (10th Cir. 1994).   Most specifically, "'[a] civil rights

action accrues when facts that would support a cause of action are or should be apparent.'" Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). Likewise, in Oklahoma, "the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury." The Samuel Roberts Noble Found., Inc. v. Vick, 1992 OK 140, ¶ 8, 840 P.2d 619, 624; see also Erikson v. Farmers Group, Inc., 151 F. App'x. 672, 676 (10th Cir. 2005) (citing Smith v. Baptist Found. of Okla., 2002 OK 57, 50 P.3d 1132, 1137). Once a plaintiff has sufficient knowledge to know that a cause of action exists, the statute of limitations begins to run. Samuel Roberts Noble Found., Inc., 1992 OK 140, ¶ 29, 840 P.2d at 626.

Here, the discovery rule does not apply to Plaintiff's case. As the Court has already addressed:

> the federal claims accrued on June 17, 2017, the day that Xander died. The TAC reveals that on that date Plaintiff had a "complete and present cause of action" that he could initiate in the courts. Although more information came to light concerning the circumstances of Xander's death after June 17, 2017, there need not be "conclusive evidence of the cause of an injury in order to trigger the statute of limitations." Rather, Plaintiff was put on reasonable notice that wrongful conduct caused Xander's death based on the allegations on the face of the complaint.

Second Dismissal Order at 13 (internal citations omitted). Plaintiff argues that he faced difficulty obtaining certain information for the purposes of his complaints at the state and federal levels:

> Xander died on June 17, 2017. At that time the Plaintiff may have suspected foul play (as any person naturally would since he was an infant) but never knew with any sense of certainty he was murdered. This was not known until the December 5, 2017 medical examiner report—almost six months later. Even then, the Plaintiff had no idea who all pertinent individual defendants were whose actions led to Xander's death, what their jobs were, what they did or failed to do, or

4:20-cv-00167-CRK-CDL

> otherwise violated his constitutional rights or tortiously inflicted injury. These facts did not become publicly known until preliminary hearings took place in Nelson's criminal cases in March/April 2018, and more later in September 2018, during Nelson's criminal trial.  This included the "alarm bells" that OKDHS and persons such as [Defendants Hatfield, Lowery, Pitts, and Holt] regarding the abuse history of the Foster Parents not being learned until the preliminary hearing of another criminal case against Nelson relating to John Doe.

Pl. Mot. at 21–22 (internal citations omitted).   That more information became gradually available to Plaintiff afterward provides no basis to toll the statute of limitations under the discovery rule.  That rule is intended to preserve one's claim when one is unaware of the harm caused; it is not designed to indefinitely delay the limitations clock while the plaintiff collects further evidence and builds the strongest possible case.  See Alexander, 382 F.3d at 1217 ("the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action" (internal quotations omitted)).   Accordingly, Plaintiff's argument lacks merit and is thus rejected.

### E.   Equitable Tolling

Plaintiff argues that equitable tolling principles, more specifically estoppel and waiver, bar dismissal of this case.[4] Pl. Mot. at 22–23.   Plaintiff argues that Defendants' actions lulled him into a position of reliance such that Defendants should be prevented from invoking statute of limitations and further Defendants have

---

[4]  Relatedly, Plaintiff's invocation of the Oklahoma discovery rule is an equitable tolling argument, as federal law does not contain "'a body of tolling rules applicable to actions brought in federal court under § 1983.'"  Alexander, 382 F.3d at 1217 (quoting Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980)).

4:20-cv-00167-CRK-CDL

waived any arguments concerning the statute of limitations.  Id. at 22–24.  Both

arguments are without merit.

> As this Court has previously explained:
>
> Generally, to be entitled to equitable tolling, a plaintiff must establish
> two elements: (1) that he has been pursuing his rights diligently, and (2)
> that some extraordinary circumstance stood in his way.  The Tenth
> Circuit interpreting Oklahoma state law, and in particular the
> Oklahoma discovery rule, has determined that equitable tolling requires
> false, fraudulent, or misleading conduct before it may be applied to a
> claim.  A plaintiff can demonstrate the requisite conduct by alleging
> facts from which a jury could infer that he or she "has been lulled into
> inaction" such that they could not have discovered the claim in the
> exercise of reasonable diligence.

Second Dismissal Order at 19 (internal quotations, citations, and footnotes omitted).

Defendants have consistently asserted that the suit is untimely.  See e.g., Mot.

Dismiss FAC at 11; Opp'n Mot. SAC at 4–5.  Plaintiff points to no action that would

constitute a waiver of claims.  Instead, Plaintiff points to paragraph 30 in the FAC,

where he pled, on information and belief, certain facts relating to this lawsuit.  Pl.

Mot. at 23–24 (quoting FAC at ¶ 30).  Plaintiff then cites to Defendant Hatfield's

answer, which asserted that Hatfield was "without sufficient information to admit or

deny paragraph 30."  Id. at 24.  It is unclear to the Court why plaintiff believes

Defendant Hatfield's answer to this paragraph constitutes either waiver or estoppel.

As such, Plaintiff's challenge to the Second Dismissal Order is unpersuasive and thus

rejected.

## F.    Law of the Case

Plaintiff contends that the Court's correction of its order was a complete

reversal from its previous finding and thus fails to promote consistency or finality, in

conflict with the underpinnings of the doctrine known as "the law of the case." Pl. Mot. at 24–26. Plaintiff argues that the Court should maintain its previous error in the interest of consistency, pursuant to the law of the case doctrine. Id. Plaintiff's argument is without merit.

The law of the case doctrine requires "that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." Been, 495 F.3d at 1224 (citing Homans v. City of Albuquerque, 366 F.3d 900, 904 (10th Cir. 2004)). However, the Tenth Circuit has declined to apply the doctrine to rulings revised before the entry of final judgment; thus, district courts are generally free to revise earlier interlocutory orders. Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011) (citing Been, 495 F.3d at 1225). Furthermore, the Tenth Circuit has acknowledged circumstances in which departure from the law of the case doctrine is permitted. United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998) (recognizing that the law of the case doctrine is not "an inexorable command" but rather "a rule of practice in the courts and not a limit on their power"). Indeed, the law of the case doctrine is a flexible standard allowing departure from "an erroneous prior ruling, as the underlying policy of the rule is one of efficiency, not restraint of judicial power." Been, 495 F.3d at 1225 (citing Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 823 (10th Cir. 2007)); Alvarez, 142 F.3d at 1247.

4:20-cv-00167-CRK-CDL

Here, the Court properly exercised its authority to rectify an error.[5]  The law of the case doctrine does not apply to interlocutory orders.  U.S. Smelting Ref. & Min. Co., 339 U.S. at 198–99 (finding application of the law of the case doctrine requires a final judgment); United States v. Bettenhausen, 499 F.2d 1223, 1230 (10th Cir. 1974) ("The rule of the law of the case does not apply unless there is a final judgment that decided the issue"); Gage v. Gen. Motors Corp., 796 F.2d 345, 349 (10th Cir. 1986) ("[The Law of the case doctrine] is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided" (internal citations omitted)).  The Court's First Dismissal Order and ruling on relation back was an interlocutory order, not a final determination.  Thus, the doctrine is inapplicable.

Nonetheless, even if the original order was the law of the case, Plaintiff's argument would still fail.  Indeed, although prior determinations should generally govern subsequent phases of the same case, an exception exists to the rule that permits the Court to deviate from the law underlying prior determinations when that determination was made in error.  See Kennedy v. Lubar, 273 F.3d 1293, 1299 (10th Cir. 2001)  (stating law of the case doctrine does not apply when a court acts to correct a prior decision found to be clearly erroneous); Alvarez, 142 F.3d at 1247; Been, 495

---

[5] As explained previously, the Court possesses the authority to modify an interlocutory order and may exercise this authority sua sponte.  See Fed. R. Civ. P. 54(b).  That the Court chose to rectify a previous decision in error does not trigger application of the law of the case doctrine, as "nothing was finally decided" by the Court's previous decisions.  See United States v. U.S. Smelting Ref. & Min. Co., 339 U.S. 186, 198 (1950).

4:20-cv-00167-CRK-CDL

F.3d at 122.  Plaintiff's argument pursuant to the law of the case doctrine is therefore rejected.

### G.     Failure to Consolidate Defenses in Prior Motions to Dismiss

Plaintiff argues that Defendants should not be permitted to invoke the savings statute defense in this case, and that the savings statute defense should be ultimately disregarded by the Court.  Pl. Mot. at 26–27.  Plaintiff reasons that because in response to his initial complaint, the named defendants failed to comply with Federal Rule of Civil Procedure 12(g)(2) by raising the savings statute defense in their initial motion to dismiss, and thus the defense is not presently available to the current defendants.  Id.

Plaintiff's argument is without merit.  As discussed, the savings statute extends the statute of limitations by one year after a dismissal provided that the dismissal was rendered without prejudice.  Bodkin v. Coffeyville Res. Crude Transportation, LLC, No. CIV-23-543-D, 2023 WL 5918313, at *1 (W.D. Okla. Sept. 11, 2023).  Thus, the savings statute is a mechanism under Oklahoma law that can be used in response to a claim that the statute of limitations has passed.  See Eastom v. City of Tulsa, 783 F.3d 1181, 1183 (10th Cir. 2015).  However, the language of the statute does not lend itself to an interpretation that requires a defendant to definitively raise the statute as a defense.  See generally Okla. Stat. tit. 12 § 100. Nonetheless, Defendants did indeed assert a statute of limitations defense to the Plaintiff's claim.  See Mot. Dismiss FAC at 1.  Therefore, Plaintiff's argument regarding consolidation is without merit.

20

4:20-cv-00167-CRK-CDL

## H.    Federal Rule of Civil Procedure 11

Plaintiff seems to argue that Rule 11 curtailed his ability to name potential defendants in the First Action because he lacked sufficient evidence, which would potentially render the action frivolous in volitation of Rule 11.  Pl. Mot. at 28. Plaintiff urges the Court to consider this restraint when "determining what information or allegations the Plaintiff did not plead to satisfy notice." Id.

It is well established that "the central purpose of Rule 11 is to deter baseless filings in district court . . . [and] any interpretation must give effect to the Rule's central goal of deterrence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).[6]  However, compliance with Rule 11 does not relieve Plaintiff from filing his

---

[6] Subsection (b) of Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

21

4:20-cv-00167-CRK-CDL

action within the statute of limitations.  Plaintiff's Rule 11 argument merely restates his argument concerning the discovery rule and is thus rejected.

## I.     Hypertechnicality

Plaintiff argues that the Court's refusal to allow the Second Action to relate back to an action which he voluntarily dismissed is a hypertechnical interpretation and unjust application of the Federal Rules of Civil Procedure.  Pl. Mot. 28–29. Plaintiff cites cases in which the court exercised discretion in its application of the Federal Rules of Civil Procedures: <u>Navis v. Via Christi Reg'l Med. Ctr.</u>, No. CIV.A. 03-2568-CM, 2004 WL 1004827, at *1–2 (D. Kan. Apr. 20, 2004) (exercising its discretion under Rule 4(m) to extended  the time in which to serve defendants); <u>Hardin v. Manitowoc–Forsythe Corp.</u>, 691 F.2d 449, 456 (10th Cir. 1982) (explaining that under Rule 15(b), it is within the trial court's discretion whether to permit introduction of evidence or give instructions on issues beyond the scope of the pretrial order); <u>Webb v. Premiere Credit of N. Am., LLC</u>, No. 12-CV-2001-JAR-KGS, 2012 WL 2359434, at *1 (D. Kan. June 20, 2012) (stating that although the plaintiffs did not separately file a memorandum in support of their motion to amend, the court exercised its discretion under the local rules to grant the plaintiffs' motion to amend); <u>Am. Fid. & Cas. Co. v. All Am. Bus Lines</u>, 190 F.2d 234, 236–37 (10th Cir. 1951) (explaining that it was within the trial court's discretionary power to authorize the substitution of the plaintiff); <u>Brown v. Ford Motor Co.</u>, 57 F. Supp. 825, 826 (E.D. Mich. 1944) (exercising discretionary authority under Rule 1 to grant summary judgment).

4:20-cv-00167-CRK-CDL

The cases cited by Plaintiff do nothing to strengthen his cause, as they merely stand for the general proposition that the district court possesses discretion in its application of the Federal Rules of Civil Procedure.  However, in the instant case, the Court lacks discretion because Rule 15 does not apply.  As explained, Rule 15 applies to amendments.  U.S. ex rel. Koch v. Koch Indus., Inc., 188 F.R.D. 617, 627–28 (N.D. Okla. 1999).  The Tenth Circuit has ruled that

> If a party seeks to amend a pleading following the court's grant of a motion to dismiss, the party must first move to reopen the case under [Rule] 59(e) or 60(b) and then file a motion under [Rule] 15 for leave to amend pursuant to the standards set out in [Rule] 7.

Calderon, 181 F.3d at 1185.  The Court thus rejects Plaintiff's argument.

### J.    Questions of fact Unsuitable for Motions

Finally, Plaintiff argues that "[t]o the extent that this Court found that [Plaintiff] failed to raise any question of fact at the motion to dismiss stage, such is not suited for a motion to dismiss and must be reconsidered."  Pl. Mot. at 30.  Plaintiff specifically takes issue with the Court's finding that "Plaintiff's allegations in the TAC and his response fail to raise a question of fact as to the date the cause of action accrued and the applicability of equitable tolling."  Id. (quoting Second Dismissal Order at 20).  Plaintiff's argument here repackages his first argument, namely that the statute of limitations is a question of fact and therefore the Court erred by factoring the defense into the Second Dismissal Order.  As previously stated, however, "[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished."  Sierra Club, 816 F.3d at 671 (quoting Lee, 13 F.3d 405,

23

4:20-cv-00167-CRK-CDL

at *1) (internal quotation and alterations omitted).  Thus, Plaintiff's argument that the Second Dismissal Order erroneously considered Defendants' invocation of the statute of limitations defense is rejected.

## CONCLUSION

Plaintiff's arguments pursuant to both Rule 59 and Rule 60 fail to establish a basis for relief.  For the foregoing reason, Plaintiff's motion for reconsideration is denied.

So Ordered.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:      June 17, 2024
            New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.